UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

v.  Case No. 8:09-CR-58-T-23MAP
8:09-CR-106-T-23MAP

**CHRISTOPHER ROBINSON**
_____/

O R D E R

Before the Court are Defendant's filings styled as "Place Holder Petition - Robinson Requests this Court Take Judicial Notice under Federal Rule of Evidence Rule 201 (8:09-CR-58, D-45, and 8:09-CR-106, D-73).

By way of background, Defendant pled guilty to possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and possession with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). On November 12, 2009, the Court sentenced Defendant to a term of imprisonment of 240 months, as to each Count, the sentences to run concurrently to one another. Defendant did not appeal.

On September 29, 2011, the Court received Defendant's pro

se filings.[1] Defendant states that he intends to challenge in state court his prior state court convictions that were used to enhance his federal sentences. Defendant explains that he intends to rely on Shelton v. Dept. of Corrections, No. 6:07-Cv-839-Orl-35KRS, --- F.Supp.2d ----, 2011 WL 3236040 (M.D. Fla. July 27, 2011), in which the court declared Fla. Stat. § 893.13 unconstitutional on its face.

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). The Court finds it is not appropriate to take judicial notice of Defendants alleged intent to file a future challenge in state court.

Perhaps Defendant's filings are an attempt to ensure that any later motion under 28 U.S.C. § 2255 will not be time-barred by the one-year limitation. However, such a motion is premature. Defendant's state court convictions have not been vacated. If Defendant is successful in vacating his state

---

[1] Apparently the filings originally were received at the Florida Second District Court of Appeal on September 20, 2011, and were thereafter forwarded to this Court.

court convictions, he may then file a § 2255 motion. Only at that point will the Court determine if any such § 2255 motion is timely and whether Defendant was diligent in challenging his state court convictions. See Johnson v. United States, 544 U.S. 295 (2005).

It is therefore ORDERED that:

1) Defendant's motions styled "Place Holder Petition - Robinson Requests this Court Take Judicial Notice under Federal Rule of Evidence Rule 201" (8:09-CR-58, D-45, and 8:09-CR-106, D-73) are DENIED without prejudice.

DONE AND ORDERED at Tampa, Florida this 4th day of October, 2011.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE